UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| – against – | **AMENDED MEMORANDUM AND ORDER** |
| SHAMEKE WALKER, | 15-CR-388 |
| Defendant. | |

**JACK B. WEINSTEIN, Senior United States District Judge:**

The government moves to preclude reference to the criminal history of the complaining witness in this case. *See* Gov't's Mot. In Limine ("Gov't's Mot."), May 31, 2016, ECF No. 48, at 11-13. Defendant Shameke Walker is charged with committing an armed robbery of a bodega in Brooklyn, New York. *See generally*, Superseding Indictment, May 25, 2016, ECF No. 41. It is undisputed that the store clerk, Bazel Almontaser, was in the bodega at the time of the robbery, and that he reported identifying information to the police shortly after the incident and later identified the defendant from a photo array. Walker's counsel seeks to cross-examine Almontaser on two prior assault convictions, as well as an admission to the government that he previously sold synthetic marijuana from the bodega, including to defendant. *See* Def.'s Letter, June 21, 2016, ECF No. 75, at 1; Gov't's Letter, June 20, 2016, ECF No. 71, at 1-2. The issues were discussed at in limine hearings on June 6, 2016 and June 22, 2016. *See* Hr'g Tr., June 6, 2016; Hr'g Tr., June 22, 2016.

In ruling on the government's motion, the court applies Rules 403 and 609 of the Federal Rules of Evidence.

Rule 403 of the Federal Rules of Evidence states as follows:

1

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presented cumulative evidence.

Fed. R. Ev. 403.

Rule 609 of the Federal Rules of Evidence reads, in relevant part:

> **(a) In General.** The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction:
>
>> **(1)** for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence:
>>
>>> **(A)** must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant; and
>>>
>>> **(B)** must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant; and
>>
>> **(2)** for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving – or the witness's admitting – a dishonest act or false statement.

Fed. R. Ev. 609.

Using the court's discretion as the evidence rules require, the government's motion is granted to preclude any reference to Almontaser's prior convictions. The motion is denied, with limitations, with regard to Almontaser's admission to the government that he has sold drugs from the bodega.

The witness has two convictions. One is for felony attempted assault of a person over 65 years old on June 15, 2015 (two days after the robbery), and the other is for misdemeanor attempted assault in April 2016. Gov't's Mot. at 11. Both convictions involved domestic

assaults. *Id.* It is dubious whether the convictions are relevant as assault does not shed light on veracity. The defense argues that the fact that the witness denied committing one or both assaults to the police, and later entered guilty pleas for both, shows that his words cannot be trusted. *See* Hr'g Tr., June 22, 2016. Defense counsel is undoubtedly aware, however, that in light of the significant risks and emotional toll of going to trial, many defendants plead guilty to crimes they did not commit. *See, e.g.*, Jed S. Rakoff, *Why Innocent People Plead Guilty*, N.Y. REVIEW OF BOOKS (Nov. 20, 2014), http://www.nybooks.com/articles/2014/11/20/why-innocent-people-plead-guilty/ ("How prevalent is the phenomenon of innocent people pleading guilty? The few criminologists who have thus far investigated the phenomenon estimate that the overall rate for convicted felons as a whole is between 2 percent and 8 percent. . . . let us suppose that it is even lower, say, no more than 1 percent. When you recall that, of the 2.2 million Americans in prison, over 2 million are there because of plea bargains, we are then talking about an estimated 20,000 persons, or more, who are in prison for crimes to which they pleaded guilty but did not in fact commit.").

Nonetheless, even assuming defendant's guilty pleas are relevant, their introduction at trial cannot be permitted under Rule 403. Domestic violence is a disturbing issue that would undoubtedly prejudice the jury's view of Almontaser and his testimony at trial. Were the court to allow cross-examination of the witness on these convictions, it would fail to afford protection to a large population of minorities in New York State who have had contact with the criminal justice system. *See, e.g.*, *Utah v. Strieff*, No. 14-1373, 2016 WL 3369419, at *15 (U.S. June 20, 2016) (Sotomayor, J., dissenting) ("[I]t is no secret that people of color are disproportionate victims of [law enforcement] scrutiny." (citing M. Alexander, The New Jim Crow 95-136 (2010))). Members of these communities should not be discouraged from coming forward to

3

testify about serious threats to public safety in the areas where they live and work. Whether Almontaser's convictions were justified is not for this court to decide. What it can decide, however, is to limit the constant reminder of these past acts. The witness is already burdened by the collateral consequences of a felony conviction and need not be subjected to further scrutiny. *Cf.* Anna Roberts, *Reclaiming the Importance of the Defendant's Testimony: Prior Conviction Impeachment and the Fight against Implicit Stereotyping*, 83 U. Chi. L. Rev. 835 (2016).

The defense may, however, examine the witness on his admission to the government that he sold drugs from the bodega, and that one of his customers was the defendant. The nature of the prior interactions between Almontaser and Walker are relevant to understanding whether the witness recognized defendant as the robber. As the defense argues, it is plausible that Almontaser knew the robber to be a supplier, and not defendant, but described the defendant to the police in an attempt to maintain his role in the drug organization. *See* Hr'g Tr., June 22, 2016. It is equally plausible that because the witness has interacted with Walker on several prior occasions, the government's theory that Almontaser correctly identified defendant as the robber is supported. Because the issue of identification is central to this case, and because the investigation proceeded from the witness's initial description of the robber, he may be examined on the nature of his prior interactions with defendant.

To properly balance the probative value of the information and its prejudicial effect under Rule 403, however, if the witness does not testify about the robber's appearance or submit any other identifying facts, he may not be cross-examined on his admission of selling drugs. For the same reasons described above, witnesses should not be discouraged from coming forward on important matters of public safety. Almontaser has not been offered immunity from the government for the criminal acts he has admitted to committing. The court has ordered the

appointment of counsel to advise the witness of his Fifth Amendment right against self-incrimination. *See* Order, June 23, 2016, ECF No. 77.

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Date: August 2, 2016
Brooklyn, New York