# Exhibit A

# MICHAEL HUESTON
### ATTORNEY AT LAW

---

| | |
|---|---|
| 16 COURT STREET | Tel: (718) 246-2900 |
| SUITE 3301 | Fax: (718) 246-2903 |
| BROOKLYN, NEW YORK 11241 | Email: mhueston@nyc.rr.com |

---

ADMITTED NY

March 6, 2018

**By Email**
P.O. Steven Guttman
United States Probation Department
Eastern District of New York
147 Pierrepont Street
Brooklyn, New York 11201

   Re: *United States v. Shameke Walker*, 15 Cr. 388 (S-2) (JBW)

Dear Mr. Guttman:

  I represent Shameke Walker in this matter.  This letter sets forth Mr. Walker's objections and corrections to the February 15, 2018 Presentence Report.

  *Offense Conduct*

  ¶¶ 7-11, 86: Mr. Walker objects to these assertions because he did not plead or stipulate to them.  *See United States v. Booker*, 543 U.S. 220, 228, 231 (2005).

  *Offense Level Computation*

  ¶ 15: Mr. Walker objects to the use of the 2015 Guidelines Manuel.  *See* U.S.S.G. § 1B1.11(a).

  *Counts 1 and 2: HOBBS ACT ROBBERY*

  ¶¶ 8, 17:  Mr. Walker objects to an enhancement, pursuant to U.S.S.G. § 2B3.1(b)(3)(B), for an injured victim.  The Court precluded all evidence of the injury to Isaac Rush (John Doe # 2), a bystander who was not involved in a robbery, as unduly prejudicial.  Fed. R. Evid. 403. However, Mr. Walker notes that even if the government had been permitted to litigate the injury sustained by Mr. Rush at trial, it could not have proven that this injury was in furtherance of a robbery.  *See* attached Defendant's January 12, 2018 letter to the Honorable Jack B. Weinstein, Part VI, Document No. 139.

  *Count 4: FELON IN POSSESSION OF AMMUNITION/ARMED CAREER CRIMINAL & Chapter Four Enhancement*

  ¶¶ 5, 11, 23, 28, 33, 35, 88, 89:  Mr. Walker objects to the imposition of both Career Offender and Armed Career Criminal designations.  Mr. Walker's criminal history does not

require the application of these designations because: (1) with respect to the Career Offender Guideline ("COG"), the "instant offenses" are not "crimes of violence", and (2) with respect to both the COG and the Armed Career Criminal Act ("ACCA") Mr. Walker's relevant prior convictions are neither "violent felonies" nor "crimes of violence." *See* attached Defendant's January 12, 2018 letter to the Honorable Jack B. Weinstein, Parts III through V.

Further, while the Second Circuit has recently held that first-degree New York robbery is a violent felony for purposes of the ACCA in *United States v. Stuckey*, 878 F.3d 62 (2d Cir. 2017), the panel declined to address whether second- or third-degree New York robbery is a violent felony under the ACCA.

Finally, while in *Grant v. United States*, 2017 U.S. Dist. LEXIS 103868 (E.D.N.Y. July 5, 2017), the district court found that common law strong armed robbery in South Carolina does satisfied the ACCA's force clause. After *United States v. Doctor,* 842 F.3d 306 (4th Cir. 2016) was decided, the Fourth Circuit recognized that it must focus on the "minimum conduct criminalized" by state law, including any conduct giving rise to a realistic probability, not a theoretical possibility, that a state will apply the law and uphold a conviction based on such conduct. *United States v. Winston*, 850 F.3d 677, 679 (4th Cir. 2017). Using this method, the Fourth Circuit found that Virginia common law robbery can be committed by violence or by intimidation, and because either means of committing that crime did not require the use, attempted use, or threatened use of physical force, then Virginia robbery did not categorically match the force clause of ACCA. *Id.* at 679. Your office should conclude the same about South Carolina's strong arm statute because there is no requirement that the perpetrator's actions be directed against the person of another, and the statute lacks any expression of *mens rea* as to a defendant's use of force. *See* Mr. Walker's January 12, 2018 letter, Part V. B.

*Objections to Criminal History Computation*

¶¶ 37, 42, 45, 47:  Mr. Walker objects to the imposition of both Career Offender and Armed Career Criminal designations.  *See* objections to ¶¶ 5, 11, 23, 28, 33, 34, 88, 89.

¶ 44:  Regarding the PSR's discussion of Mr. Walker's guidelines related to his 2008 felon in possession conviction, your office states that "due to recent case law handed down by the Second Circuit Court of Appeals, only one of the predicate felony convictions is now countable."  The prior convictions at issue were Mr. Walker's New York State second-degree robbery conviction and South Carolina strong arm robbery conviction.  *United States v. Walker*, 595 F.3d 441, 442 (2d Cir. 2010).  Nevertheless, despite this apparent concession, your office is apparently relying on one or the other as a predicate.  Please inform the defense which conviction you have concluded is no longer "countable."

¶¶ 44, 45, 46:  While noting that these paragraphs discuss matters that Mr. Walker pled guilty to in dockets 10 Cr. 97 and 10 Cr. 98, Northern District of West Virginia, the defense objects to the narrative and use of information from the SENTRY and supervision reports, as Mr. Walker did not plead or stipulate to the asserted facts.  In addition, Mr. Walker requests that your office provide him with the SENTRY and supervision reports your office is relying on to verify your office's assertions.  *See United States v. Livoti*, 196 F.3d 322 (2d Cir. 1999) (such

2

"departures are appropriate 'if reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct.'")

Finally, Mr. Walker did participate in the CSEDNY and Bridge Back to Life substance abuse treatment programs, and according to his supervision chronology he was cleared to complete treatment regarding the Bridge Back to Life program.

*Personal and Family Data*

¶ 59:   Mr. Walker's mother's first relationship was with Mr. Patrick Leopardi.

¶ 61:   Ms. Williams has three biological children and five adoptive children. Marvin Clarke is adopted.

¶ 62:   D___ P___'s name is spelled D___ P___.

¶¶ 66, 74:   Mr. Walker is presently a tutor, and has completed an entrepreneurship class. Please find attached Federal Bureau of Prison Certificates regarding Mr. Walker's class completions.

*Mental and Emotional Health & Substance Abuse*

¶¶ 70, 73:   Mr. Walker objects to the assertions as he did not plead or stipulate to the facts asserted. Mr. Walker did participate in the CSEDNY and Bridge Back to Life drug treatment programs as stated above.

*Factors That May Warrant A Sentence Outside Of The Advisory Guideline System*

¶ 105: Mr. Walker objects to the use of his disciplinary sanctions as aggravating factors at sentencing.

Sincerely,

s/
Michael Hueston

Cc:   A.U.S.A. Andrey Spektor and A.U.S.A. Lindsay Gerdes